JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant Karl Iski appeals his conviction for theft, in violation of R.C. 2913.02(A)(1), following a bench trial.
The state presented evidence that on May 27, 2003, a green deposit bag was stolen from the United Dairy Farmers store in Mt. Adams. The assistant manager testified that she had placed a bag containing $2419.42 in the store safe on that day. The keys to the safe were left in a locked cabinet where the computer was kept. The assistant manager left the store about 6:00 p.m., and Iski and another person were the only employees left in the store. A police officer testified that Iski had told him that Iski had what were described as "the store keys" for several days previously, when a prior manager had left the employment of UDF. These store keys contained a key to the safe as well as a key to the computer cabinet where the safe keys were left on the night of the theft. While Iski admitted to police that he had opened the computer cabinet with a key on a previous occasion, he claimed that he did not have the store keys copied while they were in his possession. No one saw the deposit bag taken, but it was gone the next day.
Debbie White, a friend of Iski's, testified that shortly after the theft Iski gave her an envelope that contained more than $2,000 in cash. She said that Iski told her he had taken the night deposit bag from work. Later, he gave her a green deposit bag and asked her to destroy it.
Iski testified in his own defense that he did not have a key to the computer cabinet and had not made copies of the store keys he had in his possession previously. His explanation for the money he gave Debbie White was that it was from a tax refund he had received. The trial court found Iski guilty of the theft and sentenced him to three years under community control. The trial court also ordered Iski to repay UDF the money he had stolen.
In his sole assignment of error, Iski claims that his conviction was against the sufficiency and the weight of the evidence. We disagree.
In determining if the evidence was sufficient to sustain a conviction, this court must look to see if any reasonable trier of fact could have found all the essential elements of the crime charged proved beyond a reasonable doubt.[1] In reviewing the weight of the evidence, this court must examine the record, weigh the evidence, consider the credibility of the witness, and decide if the trier of fact clearly lost its way or created a manifest miscarriage of justice.[2] We must disagree with the factfinder's resolution of the conflicting evidence before we can reverse.[3] Further, a jury is free to believe all, part, or none of a witness's testimony.[4]
Iski argues that there was no direct evidence linking him to the theft because he did not have either a safe key or a key to the computer cabinet. He also attacks the credibility of White. But, in this case, Iski was one of two employees in the store on the night of the theft. He had previous access to both the safe key and the key to the computer cabinet where the safe key was stored that night. There was testimony that he gave the money to White for safekeeping, admitting to her that it had come from the night deposits of the store. White further testified that he later gave her a green deposit bag to get rid of for him.
Given this evidence, we hold that a reasonable trier of fact could have found all the elements of theft beyond a reasonable doubt. Furthermore, our review of the evidence shows that the trial court did not lose its way or create a manifest miscarriage of justice. We, therefore, overrule Iski's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.
[1] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[2] State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
[3] Thompkins, supra, at 387.
[4] State v. Antill (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.